**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TASHONDA TROUPE, *individually and* *on behalf of Lamar Catchings, deceased*, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:24-cv-00310-MTS |
| DANIEL J. MORGAN, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on review of the file.  The instant action is not the first this Plaintiff has brought against the two Defendants here—Daniel J. Morgan and Jordan Atwater.  In *Troupe v. Saint Louis County*, 4:20-cv-01790 (E.D. Mo.), Plaintiff sued more than twenty defendants, including Morgan and Atwater.  On March 15, 2022, Judge Sippel dismissed various claims against various defendants.  *Troupe v. St. Louis Cnty.*, 4:20-cv-01790-RWS, ECF No. 70, 2022 WL 782325, at *20 (E.D. Mo. Mar. 15, 2022).  Among them, Judge Sippel dismissed the claims against Morgan and Atwater without prejudice.  *Id.*; *see also id.* at ECF No. 79 (denying motion for reconsideration in all respects).  Because that March 15 order did not adjudicate all the claims or the rights and liabilities of all the parties, that order was not appealable.  *See* Fed. R. Civ. P. 54(b); *cf. Sapp v. City of Brooklyn Park*, 825 F.3d 931, 936 (8th Cir. 2016) (dismissing appeal for lack of jurisdiction where appellant "did not obtain a final judgment following the district court's dismissal of her complaint with leave to amend").

When that action became appealable under Rule 54(b), Troupe appealed.  In her notice of appeal, she appealed the order "entered on March 15, 2022," "ECF 70."  *Id.* at ECF No. 174.  Troupe specifically added that she "appeal[ed] as to all Defendants except Anthony Young and Terrianna Byas."  *Id.*  She therefore plainly appealed the dismissal of her claims against Morgan and Atwater without prejudice.  *See Sapp*, 825 F.3d at 936–36 (explaining that a plaintiff whose complaint is dismissed without prejudice "may elect to stand on her original complaint and seek a final judgment" that she can appeal).  That appeal remains pending today.*  *See Troupe v. Young*, No. 24-1036 (8th Cir.).

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam).  With that principle in mind, it was not appropriate for Plaintiff to file the instant action while the dismissal of the same claim— against the same defendants and involving the very same underlying conduct—remains on appeal.  *See Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 956 (8th Cir. 2001).  Plaintiff could have chosen to "stand on h[er] complaint and appeal its dismissal to the court of appeals" *or* "file a new action correcting the deficiencies in the first action."  *Id.*  But she could "not select *both* courses of action, for

---

* Morgan and Atwater are included as appellees in the full caption of the case and on the Court of Appeals' docket.  To be sure, months *after* Plaintiff filed this action and months *after* Plaintiff filed her notice of appeal, Plaintiff filed an appellate brief with the Court of Appeals saying she "[wa]s no longer pursuing an appeal against" certain defendants including "Daniel Morgan and Jordan Atwater."  Brief of Appellant at 10.  While the Court of Appeals' docket indicates that another appellee has been dismissed from the appeal, Morgan and Atwater have not; they remain appellees even now.

- 2 -

that approach begets the type of duplicative litigation" that federal courts "reject." *Id.*; *accord Woodson v. Colajezzi*, 573 F. App'x 204, 205 (3d Cir. 2014) (explaining that after district court dismissed plaintiff's claims without prejudice, plaintiff could *either* amend his complaint *or* stand on his complaint and appeal the dismissal).

"Having made the 'tactical decision' to stand on the complaint and appeal its dismissal, [Plaintiff] could not also elect to file a new action or otherwise amend [her] original complaint." *Combined Aircraft Ownership, LLC v. Learjet, Inc.*, No. 23-2692, 2024 WL 2828865, at *2 (8th Cir. June 4, 2024) (unpublished per curiam) (quoting *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 964 n.3 (8th Cir. 2015)); *accord Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 345 (4th Cir. 2005) (explaining that "[b]y electing to stand on her complaint," the plaintiff "has waived the right to later amend"). Because Plaintiff sought to "simultaneously litigate two federal actions against the same defendant[s] involving the same controversy," the Court will enter an Order of Dismissal dismissing this action. *See Prudential Health Care*, 259 F.3d at 956; *accord Venen v. Sweet*, 758 F.2d 117, 120–21 (3d Cir. 1985) (discussing "the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously"). In dismissing this action, the Court expresses no opinion on the arguments within Defendants' Motion to Dismiss. *See* Doc. [10].

Dated this 20th day of September 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE